UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANICE CHILDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) 1:18-cv-03984-JPH-TAB |
| ST. VINCENT HEART CENTER | ) |
| OF INDIANA, LLC d/b/a, | ) |
| THE HEART CENTER OF INDIANA, LLC, | ) |
| | ) |
| Defendant. | ) |

**AMENDED COMPLAINT FOR DAMAGES WITH JURY DEMAND**

The plaintiff, JANICE CHILDERS ("JANICE"), by counsel, hereby brings her Amended Complaint for Damages against the defendant, ST. VINCENT HEART CENTER OF INDIANA, LLC d/b/a THE HEART CENTER OF INDIANA, LLC ("HEART CENTER") in the following particulars:

**Jurisdiction and Venue**

1.  At all times relevant herein, HEART CENTER was and is a domestic limited liability company with its registered agent located at 135 N. Pennsylvania St., Ste. 1610, Indianapolis, Indiana.

2.  JANICE is a resident of Marion County, Indiana.

3.  From November 11, 2002 until September 18, 2017, HEART CENTER employed JANICE as a switchboard operator at its 10580 N. Meridian St., Indianapolis, Indiana office location.

4.  At all times relevant herein, HEART CENTER was an employer within the

meaning of the Americans with Disabilities Act, as amended ("ADA").

5. At all times relevant herein, JANICE was an employee within the meaning of the ADA.

6. At all times relevant herein, JANICE suffered from a disability within the meaning of the ADA.

7. JANICE timely filed a formal Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 11, 2017.

8. On July 17, 2018, the EEOC found reasonable cause that HEART CENTER breached its obligations of confidentiality via unsolicited, involuntary access to JANICE's personal medical information and, further, by disclosing said medical information to third parties in violation of the ADA.

9. JANICE timely files this action within ninety days of her receipt of the EEOC's "Notice of Right to Sue."

10. Prior to bringing this suit, JANICE exhausted all administrative remedies available to her.

## Factual Allegations

11. JANICE hereby incorporates the foregoing paragraphs 1-10 as if set forth fully herein.

12. At all times relevant, Janice King ("Ms. King") was JANICE's immediate supervisor during her employ at HEART CENTER.

13. At various times during her employment at HEART CENTER, JANICE took medical leave for reasons related to her disability.

14. On multiple occasions during 2016 and 2017, Ms. King accessed JANICE's medical health information for the purpose of haranguing JANICE about her need for medical leave.

15. On August 9, 2017, Ms. King questioned JANICE in front of multiple co-workers about JANICE's medical condition and her need for accommodation arising from said medical condition.

16. On August 15, 2017, Ms. King read aloud from JANICE's medical chart and thereby disclosed to another co-worker JANICE's protected health information including but not limited to JANICE's diagnosis, the identity of her medical provider, and details pertaining to her prescribed treatment.

17. On August 16, 2017, JANICE confronted Ms. King about the above-described unauthorized disclosures of protected health information.  That same day, Ms. King fabricated a "critical error" on which JANICE's later termination was predicated.

18. HEART CENTER terminated JANICE's employment on September 18, 2017 – exactly one week after JANICE complained to HEART CENTER corporate compliance about Ms. King's unauthorized disclosures of JANICE's protected health information.

**Count One – Violation of ADA**

19. JANICE hereby incorporates the foregoing paragraphs 1-18 as if set forth fully herein.

20. HEART CENTER made inquiries requesting documentation in support of JANICE's requests for medical leave, and HEART CENTER obtained JANICE's protected health information in response to its inquiries.

21. HEART CENTER, by and through the above-described actions of Ms. King,

violated the ADA confidentiality provisions contained in 42 U.S.C. §12112.

22. As a direct and proximate result of HEART CENTER's unlawful actions, JANICE has suffered damages including an irreparable loss of privacy.

WHEREFORE, plaintiff JANICE CHILDERS hereby demands judgment against the defendant, ST. VINCENT HEART CENTER OF INDIANA, LLC d/b/a THE HEART CENTER OF INDIANA, LLC, for costs and interest, and for all other just and proper relief.

### Count Two – ADA Retaliation

23. JANICE hereby incorporates the foregoing paragraphs 1-22 as if set forth fully herein.

24. At all times relevant, JANICE met or exceeded all of HEART CENTER's legitimate expectations of job performance.

25. HEART CENTER retaliated against JANICE in violation of the ADA because JANICE engaged in protected activity, i.e., confronting Ms. King about Ms. King's improper disclosures of JANICE's protected health information and reporting Ms. King's behavior to HEART CENTER's corporate compliance office.

26. HEART CENTER's actions were intentional, willful, and done in reckless disregard of JANICE's legal rights and, as such, were committed in bad faith.

27. As a direct and proximate result of HEART CENTER's unlawful actions, JANICE has suffered damages including but not limited to lost wages and lost employment benefits.

WHEREFORE, plaintiff JANICE CHILDERS hereby demands judgment against the defendant, ST. VINCENT HEART CENTER OF INDIANA, LLC d/b/a THE HEART CENTER OF INDIANA, LLC, for costs and interest, and for all other just and proper relief.

### Count Three – Invasion of Privacy via Public Disclosure of Private Facts

27. JANICE hereby incorporates the foregoing paragraphs 1-26 as if set forth fully herein.

28. By discussing JANICE's protected health information in front of co-workers and, further, by reading aloud from JANICE's medical chart (as specified in ¶¶15 & 16 above), Ms. King gave publicity to JANICE's private health information.

29. The co-workers to whom Ms. King disclosed JANICE's protected health information are a particular public with a special relationship to JANICE.

30. The co-workers to whom Ms. King disclosed JANICE's protected health information had no legitimate interest in JANICE's protected health information.

31. Ms. King's disclosures of JANICE's protected health information to JANICE's co-workers was coercive, oppressive, and intended to maximize embarrassment to JANICE.

32. The contents of JANICE's protected health information, as disclosed by Ms. King, would be embarrassing to an ordinary person or highly offensive to a reasonable person.

33. The above-described acts by Ms. King were done in the course and scope of her employment with HEART CENTER.

34. As a direct and proximate result of the above-described acts by Ms. King, JANICE has suffered damages for which HEART CENTER is liable vicariously.

WHEREFORE, plaintiff JANICE CHILDERS hereby demands judgment against the defendant, ST. VINCENT HEART CENTER OF INDIANA, LLC d/b/a THE HEART CENTER OF INDIANA, LLC, for costs and interest, and for all other just and proper relief.

### Count Four – Invasion of Privacy via Intrusion

35. JANICE hereby incorporates the foregoing paragraphs 1-34 as if set forth fully

herein.

36. Ms. King had no legitimate purpose for perusing JANICE's protected health information (as specified in ¶¶14 & 16 above).

37. The contents of JANICE's protected health information – including JANICE's medical diagnosis, the identity of her medical provider(s), the nature and extent of her medical condition, and the details surrounding her treatment for said medical condition – constitute JANICE's private affairs or concerns.

38. Ms. King's above-described perusal of JANICE's protected health information is offensive or objectionable to a reasonable person.

39. The above-described acts by Ms. King were done in the course and scope of her employment with HEART CENTER.

40. As a direct and proximate result of the above-described acts by Ms. King, JANICE has suffered damages for which HEART CENTER is liable vicariously.

WHEREFORE, plaintiff JANICE CHILDERS hereby demands judgment against the defendant, ST. VINCENT HEART CENTER OF INDIANA, LLC d/b/a THE HEART CENTER OF INDIANA, LLC, for costs and interest, and for all other just and proper relief.

### **Count Five – Negligence**

41. JANICE hereby incorporates the foregoing paragraphs 1-40 as if set forth fully herein.

42. HEART CENTER owes a duty of reasonable care to its employees to secure, safeguard, and protect against disclosure its employees' protected health information in HEART CENTER's possession.

43. HEART CENTER – by and through the above-described actions by Ms. King (as

–6–

specified in ¶¶14-16 above) – breached its duty of reasonable care to JANICE.

44. As a direct and proximate result of HEART CENTER's breach of duty, JANICE has suffered damages including but not limited to emotional distress, embarrassment, lost wages, and an irreparable loss of privacy.

WHEREFORE, plaintiff JANICE CHILDERS hereby demands judgment against the defendant, ST. VINCENT HEART CENTER OF INDIANA, LLC d/b/a THE HEART CENTER OF INDIANA, LLC, for costs and interest, and for all other just and proper relief.

### Count Six – Intentional Infliction of Emotional Distress

45. JANICE hereby incorporates the foregoing paragraphs 1-44 as if set forth fully herein.

46. Ms. King's above-described conduct (as specified in ¶¶14-16 above) was extreme and outrageous.

47. Ms. King's above-described conduct intentionally or recklessly caused severe emotional distress to JANICE.

48. The above-described acts by Ms. King were done in the course and scope of her employment with HEART CENTER.

49. As a direct and proximate result of the above-described acts by Ms. King, JANICE has suffered damages for which HEART CENTER is liable vicariously.

WHEREFORE, plaintiff JANICE CHILDERS hereby demands judgment against the defendant, ST. VINCENT HEART CENTER OF INDIANA, LLC d/b/a THE HEART CENTER OF INDIANA, LLC, for costs and interest, and for all other just and proper relief.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), JANICE CHILDERS, by counsel, hereby demands trial

by jury on all issues so triable.

          Respectfully submitted,

          EGGESON PRIVACY LAW


          /*s/   Neal F. Eggeson, Jr.*
          Neal F. Eggeson, Jr., Atty. No. 21314-49
          EGGESON PRIVACY LAW
          11722 Allisonville Road, Ste. 103-300
          Fishers, IN   46038
          (317) 598-1847
          (317) 598-1846 (fax)
          nfelaw@gmail.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing document was electronically filed this 11th day of February 2019. Parties may access this filing through the Court's electronic filing system. Notice of this filing will be sent to the following counsel of record by operation of the Court's system:

| | |
|---|---|
| Emily L. Connor<br>LITTLER MENDELSON<br>econnor@littler.com | Alan L. McLaughlin<br>LITTLER MENDELSON<br>amclaughlin@littler.com |

          /*s/   Neal F. Eggeson, Jr.*
          Neal F. Eggeson, Jr.

Neal F. Eggeson, Jr., Atty. No. 21314-49
EGGESON PRIVACY LAW
11722 Allisonville Road, Ste. 103-300
Fishers, IN   46038
(317) 598-1847
(317) 598-1846 (fax)
nfelaw@gmail.com